# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| ANDREW E. GONZALEZ, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO.  1:18-cv-04246 |
| HUNTER WARFIELD, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ANDREW E. GONZALEZ ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of HUNTER WARFIELD, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.  Plaintiff is a 29 year-old natural person residing in the Northern District of Illinois.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant "provides revenue recovery services" and "is known for [its] innovative technology" designed to "deliver the highest rate of recovery . . . ."[1] Defendant is a corporation organized under the laws of the state of Maryland with its principal place of business located at 4620 Woodland Corporate Boulevard, Tampa, Florida.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  In early 2017 Plaintiff began receiving automated collection calls to his cellular phone, (773) XXX-0094, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 0094. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Plaintiff resided in the Northern District of Illinois when receiving call from Defendant.

12. Defendant has used a variety of phone numbers when placing calls to Plaintiff's cellular phone including (866) 494-9902.

13. Upon information and belief, the above referenced phone number is regularly utilized by Defendant during its debt collection activity.

---

[1] http://ww2.hunterwarfield.com/about.aspx

14. When answering calls from Defendant, Plaintiff has experienced a significant period of dead-air and pauses before a live representative of Defendant begins to speak. Plaintiff often has to say "hello" several times before Defendant will begin to speak.

15. Upon speaking with Defendant, Plaintiff is informed that it is seeking to collect upon an outstanding obligation originating from a former apartment complex, First Western Properties, which was his primary residence in the approximate amount of $2,460.00 ("subject consumer debt").

16. Upon information and belief, First Western Properties turned the collection of the subject consumer debt to Defendant after Plaintiff defaulted.

17. In approximately April 2017 Plaintiff advised Defendant that he terminated his lease with First Western Properties due to poor living conditions and did not owe the subject consumer debt.

18. Plaintiff also demanded that Defendant cease calling his cellular phone.

19. Despite Plaintiff's demands, Defendant has continued to place a campaign of unwanted collection calls to Plaintiff's cellular phone, including multiple calls in the same day.

20. Defendant's calls have continued throughout 2018.

21. Plaintiff has received not less than 100 phone calls from Defendant since telling it to stop calling contacting him and that the subject consumer debt was not owed.

22. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a different party, emotional distress, increased risk of personal injury resulting from the

3

distraction caused by the repeated calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2006.[2]

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff disputed the subject debt. Defendant called Plaintiff *at least* 100

---

[2] http://www.acainternational.org/search#memberdirectory

times after he demanded that it stop and after becoming aware that Plaintiff did not owe the subject

debt. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands and

the information provided was harassing and abusive. The frequency and volume of calls shows

that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

32. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant

knew that its conduct was inconvenient and harassing to him.

33. Defendant further violated § 1692d and d(5) through the rude, harassing, and abusive

nature of its collection efforts. Upon speaking with Defendant regarding the subject debt, Plaintiff

was subjected to abusive and threatening collection tactics by Defendant. Such conduct was

engaged in intentionally by Defendant in order to instill a sense of fear in Plaintiff, thus

demonstrating the harassing, oppressive, and abusive nature of Defendant's actions.

### b. Violations of FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any

false, deceptive, or misleading representation or means in connection with the collection of any

debt."

35. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to
> collect any debt or to obtain information concerning a consumer." 15 U.S.C.
> §1692e(10).

36. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt

to collect the subject consumer debt. Defendant repeatedly contacted Plaintiff knowing that he

disputed the debt and after Plaintiff demanded that the calls stop. Nevertheless, Defendant called

Plaintiff *at least* 100 times in a deceptive attempt to force him to answer its calls and ultimately

make a payment, even though he did not owe the subject consumer debt. Through its conduct,

Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it did not have consent to do so.

### c. Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 100 times after Plaintiff demanded that the calls stop and after becoming aware that Plaintiff disputed the subject consumer debt. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

39. As plead in paragraphs 20 through 24, Plaintiff has suffered damages due to Defendant's conduct.

WHEREFORE, Plaintiff, ANDREW E. GONZALEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

40.   Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

42.   Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The dead-air and significant pauses that Plaintiff experienced during answered calls from Defendant is instructive that an ATDS was being utilized to generate the phone calls.  Additionally, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

43.   Defendant violated the TCPA by placing *at least* 100 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any hypothetical consent that Defendant *might* have had to call Plaintiff's cellular phone was explicitly revoked by his demand that Defendant cease contacting his cellular phone.

44. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45.   Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, ANDREW E. GONZALEZ, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees; and

d.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 19, 2018                                    Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                  Counsel for Plaintiff
Admitted in the Northern District of Texas    Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com